11-8854.131-JCD                                          April 11, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GERMAINE J. GRANT,            )
                              )
            Plaintiff,        )
                              )
      v.                      )    No. 11 C 8854
                              )
VISION FINANCIAL SERVICES, INC., )
                              )
            Defendant.        )

### MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is granted.

### BACKGROUND

Plaintiff Germaine J. Grant brings this action against defendant Vision Financial Services, Inc. ("Vision") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 et seq. Plaintiff alleges that Vision unlawfully attempted to collect on a debt that was originally purportedly owed to Silver Cross Hospital in Joliet, Illinois and that Vision furnished credit-reporting agencies with inaccurate information about that debt, causing plaintiff to suffer damages.

Defendant moves to dismiss the Second Amended Complaint.

## **DISCUSSION**

Under federal notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Grant is proceeding pro se, we will construe the allegations of the amended complaint liberally. See, e.g., Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001).

**A.   FDCPA and FCRA**

Plaintiff alleges that Vision violated the FDCPA by "falsely representing the character, amount, or legal status" of the alleged debt; attempting collection in violation of the requirement that the amount be expressly authorized by the agreement creating the debt or permitted by law; continuing collection activity after receiving notice of a dispute and failing to provide written validation of the debt before resuming collection activity; trying to collect the debt "by placing a non 'account'" on plaintiff's credit report; and failing to report to credit-reporting agencies

that the debt had been disputed by plaintiff. (Second Am. Compl. ¶¶ 24, 26, 28, 30, 32.) Plaintiff alleges that Vision violated the FCRA by furnishing information about him to credit-reporting agencies that it knew to be inaccurate. (Second Am. Compl. ¶ 35.)

The Second Amended Complaint alleges the following facts in support of these claims:

> 9. On or about July 2008 the Defendant [Vision] place[d] an alleged account on the Plaintiff['s] Experian Consumer Report demanding payment for alleged debt WHICH THE PLAINTIFF WAS ONLY BECOME AWARE OF THIS [sic] IN JULY OF 2011.
>
> 10. On or about JULY of 2009 the Defendant [Vision] received validation letter and a Notice of Dispute pursuant to 15 USC § 1692g(b) AFTER THERE may [sic] WAS SOME COMMUNICATION FROM THE DEFENDANT ABOUT A DEBT THAT WAS SEN[T] IN THE MAIL FROM THE DEFENDANT.
>
> 11. Plaintiff has no contractual obligation to pay Defendant.
>
> 12. Defendant [Vision] failed to attach the alleged agreement or any evidence that Plaintiff ever had an "account" with SILVER CROSS HOSPITAL OR WITH [VISION] pursuant to 15 USC § 1681a(r)(4).
>
> 13. On or from JULY of 2008 up until the present day Defendant[] used false representation to collect or attempt to collect an alleged debt by reporting to consumer reporting agency THAT the plaintiff owe a debt to [Vision] WHICH HAS NOT BEEN VALIDATED AS OF YET.
>
> . . .
>
> 19. On or around July of 2011 the defendant was notified by Experian that the alleged account in which the defendant was reporting on the Plaintiff consumer report [sic] was an error and was being disputed by plaintiff.

(Second Am. Compl. ¶¶ 9-13, 19.)

Vision contends that it is clear from the allegations that

plaintiff's FDCPA and FCRA claims are time-barred.[1]  An action to enforce the FDCPA must be brought within one year from the date on which the violation occurs.  15 U.S.C. § 1692k(d).  An FCRA claim must be brought not later than the earlier of (1) two years after the date of discovery by the plaintiff of the statutory violation; or (2) five years after the date on which the violation occurs.  15 U.S.C. § 1681p.

As an initial matter, defendant calls our attention to the first two versions of the complaint, which it had moved to dismiss on the ground that the FDCPA and FCRA claims are time-barred, prompting plaintiff's amendments.  Paragraphs 9 through 13 of the original complaint were largely identical to the above-quoted language, except that paragraphs 9, 10, and 13 did not contain the all-caps phrases.  Moreover, paragraph 19 of the second amended complaint (and amended complaint) seemingly contradicts paragraph 19 of the original complaint, which stated: "On or around July of 2009 thru July of 2011 the defendant was notified by Experian that the alleged account in which the defendant was reporting on the Plaintiff consumer report [sic] was an error and was being disputed by plaintiff."  Vision submits that plaintiff's alteration constitutes "a way to circumvent the statute of limitations at best and a material misrepresentation under Rule 11 at worst."  (Def.'s

---

[1] "A complaint that on its face reveals that the plaintiff's claim is barred by a statute of limitations . . . can be dismissed on a motion to dismiss, in accordance with the principle . . . that a plaintiff can plead himself out of court." Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 719 (7th Cir. 1993).

Mem. in Supp. of Mot. to Dismiss at 5.)

In his response, plaintiff concedes, consistent with what is implied in paragraph 10 of the Second Amended Complaint, that he discovered in July 2009 that Vision was attempting to collect the debt and it had been reported on his credit report. (Pl.'s Opp'n at 4-5.) With regard to paragraph 19 of the current complaint, in which plaintiff alleges that he was notified in July 2011, plaintiff previously explained that the word "again" was "missing." (Pl.'s Opp'n to Mot. to Dismiss Am. Compl. at 4.) Plaintiff now submits that he should have used the phrase "continu[ing] violation" and that he has now labeled his claims as being brought in 187 counts because "each count is from the time that the defendant continue[d] to keep breaking the law." (Pl.'s Opp'n to Mot. to Dismiss Second Am. Compl. at 4.)

Plaintiff's FCRA claim is based on an alleged violation that he discovered in July 2009; therefore, it is time-barred because the original complaint was filed in December 2011, outside the applicable two-year limitations period. All of plaintiff's claims for violation of the FDCPA, which has a one-year limitations period, are also time-barred because they are based on actions that are alleged to have occurred in 2008 and 2009. We are unpersuaded by plaintiff's contention that the statute of limitations is inapplicable, tolled, or restarted because defendant has "stayed silent and has refused to follow [the] law and has allowed fraud."

(Pl.'s Opp'n to Mot. to Dismiss Second Am. Compl. at 3.) In <u>Gulley v. Pierce & Associates, P.C.</u>, 436 F. App'x 662, 664 (7th Cir. 2011), the Seventh Circuit rejected a similar assertion that the defendant "committed unspecified fraud" that plaintiff thought "should toll the [FDCPA] limitations period." Moreover, plaintiff cites no authority for the proposition that an ongoing debt-collection effort or an ongoing failure to validate the debt qualifies as a "continuing violation" that would enable plaintiff to revive his time-barred claims, and we agree with our colleagues in this district who have ruled that it does not. See <u>Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC</u>, No. 09 C 1226, 2010 WL 431484, at *3-4 (N.D. Ill. Jan. 29, 2010) (explaining that the continuing-violation doctrine applies only "narrowly where there is no violation at all until a series of non-actionable wrongs accumulate to form a cause of action" (citing <u>Limestone Dev. Corp. v. Vill. of Lemont</u>, 520 F.3d 797, 801 (7th Cir. 2008))); <u>Jones v. U.S. Bank Nat'l Ass'n</u>, No. 10 C 8, 2011 WL 814901, at *5 (N.D. Ill. Feb. 25, 2011).

Amendment would be futile, so the FCRA and FDCPA claims will be dismissed with prejudice. We need not reach defendant's remaining Rule 12(b)(6) arguments.

**B.** **ICAA**

Plaintiff alleges that defendant violated the Illinois Collection Agency Act by "claiming, attempting or threatening to

enforce a debt" when it "knew that the debt was not legitimate." (Second Am. Compl. ¶ 40.) Defendant argues that this claim should be dismissed because the FCRA preempts state-law claims that arise out of misconduct regulated by 15 U.S.C. § 1681s-2, which relates to the duties of those who furnish information to credit-reporting agencies. If plaintiff's ICAA claim were premised on the alleged reporting of false information to credit-reporting agencies, it would be preempted by the FCRA. See Purcell v. Bank of Am., 659 F.3d 622, 625-26 (7th Cir. 2011); 15 U.S.C. § 1681t(b)(1)(F). But it appears that the claim, read liberally, is premised simply on the allegedly wrongful attempts to collect the debt, so it is not preempted.

Because we are dismissing the federal claims in this action with prejudice, however, we will relinquish supplemental jurisdiction over plaintiff's ICAA claim. Pursuant to 28 U.S.C. § 1367(c)(3), we are permitted to decline to exercise supplemental jurisdiction over a state-law claim if we have dismissed all claims over which we have original jurisdiction. In this circuit, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998).

## **CONCLUSION**

The motion of Vision Financial Services, Inc. to dismiss the Second Amended Complaint [42] is granted. Because there is no possibility that plaintiff could successfully amend his federal claims for violation of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, those claims are dismissed with prejudice. Plaintiff's state-law claim under the Illinois Collection Agency Act is dismissed without prejudice to refiling in state court. Civil case terminated.

DATE: April 11, 2013

ENTER: _____

John F. Grady, United States District Judge